NO. 12-03-00258-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
IN THE MATTER                                              §                 APPEAL FROM THE 
 
OF D.D.O.,                                                         §                 COUNTY COURT AT LAW #3
 
A JUVENILE                                                     §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
PER CURIAM

            D.D.O., a juvenile, appeals the trial court’s order revoking his community supervision. 
Appellant’s counsel filed a brief in compliance with Anders v. California, 386 U.S. 738, 87 S. Ct.
1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). We
affirm.
 
Background
            Appellant was charged with engaging in delinquent conduct by committing the offense of
attempted theft, which, if committed by an adult, is a class A misdemeanor.


 Appellant was
sentenced to community supervision.



            Subsequently, Appellant was charged with unauthorized use of a motor vehicle, evading
arrest, and theft. The State filed a petition to modify disposition, seeking to have Appellant’s
community supervision revoked. In its motion, the State alleged that Appellant had violated the
terms of his community supervision as follows:
 
[T]he said child violated the reasonable and lawful order of this court, to-wit: that on or about January
25, 2003, in Smith County, Texas, the said child . . . did then and there intentionally and knowingly
violate Court-ordered Conditions of Probation, in that he did not remain in the company of the
person(s) to whom you were released at all times unless you ask for and receive permission prior to
leaving their company at which time you will notify the person(s) to whom you were released by the
Court as to where you are, whom you are with and what you are doing at all times . . . 
 
Additionally, the said child violated the reasonable and lawful order of this court, to-wit: that on or
about January 25, 2003, in Smith County, Texas, the said child . . . did then and there intentionally
and knowingly violate Court-ordered Conditions of Probation, in that he did not remain in the home
of the person to whom you are released between the hours of 6:00 p.m. and 6:00 a.m.
Sunday–Thursday and 6:00 p.m. and 6:00 a.m. Friday–Saturday, unless the person(s) to whom he was
released are given permission by the Probation Officer for you to do otherwise or unless he is with the
person to whom he was released . . . 


            On June 23, 2003, the trial court conducted a hearing on the State’s motion. Finding that
Appellant had intentionally and knowingly violated the conditions of his community supervision,
the trial court modified its prior order and committed Appellant to the Texas Youth Commission for
an indeterminate sentence. This appeal followed.
 
Analysis Pursuant to Anders v. California
            Appellant’s counsel filed a brief in compliance with Anders and Gainous. Appellant’s
counsel relates that he has diligently reviewed the appellate record and is of the opinion that the
record reflects no reversible error and that there is no error upon which an appeal can be predicated. 
He further relates that he is well acquainted with the facts in this case. In compliance with Anders,
Gainous, and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978), Appellant’s brief presents a
chronological summation of the procedural history of the case, and further states that Appellant’s
counsel is unable to raise any arguable issues for appeal.


 We have likewise reviewed the record for
reversible error and have found none.
 
Conclusion
            As required by Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant’s
counsel has moved for leave to withdraw. We carried the motion for consideration with our
consideration of this matter. Having done so and finding no reversible error, Appellant’s counsel’s
motion for leave to withdraw is hereby granted and the trial court’s judgment is affirmed.
 
Opinion delivered July 30, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
(PUBLISH)